UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL VARGA, Ph.D., <br><br> Plaintiff, <br><br> v. <br><br> STANWOOD-CAMANO SCHOOL DISTRICT, <br><br> Defendant. | No. C06-0178P <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's motion to compel production of correspondence between defense counsel and Defendant's expert witness, Mr. Robert Silverman. (Dkt. No. 47.) Defendant opposes the motion and maintains that certain e-mail correspondence between defense counsel and Mr. Silverman is protected attorney work product. (Dkt. No. 54.) Having considered Plaintiff's motion, Defendant's response, and all documents submitted in support thereof, the Court GRANTS Plaintiff's motion.

The issue presented here is whether Fed. R. Civ. P. 26(a)(2)(B) requires disclosure of communications between counsel and a testifying expert witness that would otherwise be protected by attorney work-product privilege. Fed. R. Civ. P. 26(a)(2)(B) requires experts to supply a written report that includes "the data or other information considered by the witness in forming the opinions." The 1993 Advisory Committee Notes explain:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this

ORDER - 1

obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions — whether or not ultimately relied upon by the expert — are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Fed. R. Civ. P. 26(a)(2) Advisory Committee's note (1993 amendments). The majority of courts to consider this issue have concluded that work-product protection does not apply to disclosures of opinion work product to a testifying expert witness. See, e.g., Lacy v. Villeneuve, Case No. C03-2442JLR (W.D. Wash. Nov. 21, 2005) (collecting cases); Weil v. Long Island Savings Bank FSB, 206 F.R.D. 38 (E.D.N.Y. 2001) (collecting cases); Karn v. Ingersoll Rand, 168 F.R.D. 633 (N.D. Ind. 1996). A significant minority of courts have concluded that opinion work product is protected even when disclosed to an expert. See, e.g., Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 642-43 (E.D.N.Y. 1997); Haworth, Inc. v. Herman Miller, Inc., 162 F.R.D. 289, 295-96 (W.D. Mich. 1995). The Ninth Circuit has not decided the issue.

The Court agrees with the majority of courts to consider the issue and concludes that attorney opinions disclosed to a testifying expert witness are not protected by attorney work-product privilege. See Fed. R. Civ. P. 26(a)(2)(B). Defendant must produce copies of all communications between defense counsel and Mr. Silverman no later than **July 2, 2007**.

The Clerk is directed to send copies of this order to all counsel of record.

Dated this 26th day of June, 2007.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER - 2