UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL VARGA

              Plaintiff(s),

    v.

STANWOOD-CAMANO SCHOOL DISTRICT

          Defendant(s).

NO. C06-178MJP

ORDER CLARIFYING APPLICABLE LAW RE: DEFINITION OF DISABILITY

      This matter comes before the Court on Defendant's motion for an order clarifying the applicable law in this action.  Defendant requests an order clarifying that (1) the applicable law in the present case is the definition of "disability" adopted by the Washington State Supreme Court in <u>McClarty v. Totem Electric</u>, 157 Wn.2d 214 (2006), and (2) the applicable law is <u>not</u> the new definition of "disability" in S.B. 5340 passed by the Washington State Legislature on April 22, 2007, and explicitly made retroactive to cases occurring before July 6, 2006. (Dkt. No. 45.)  The Court, having received and reviewed the motion, response (Dkt. No. 49), reply (Dkt. No. 52), all documents submitted in support thereof, and the record, concludes that the applicable law in this case is the definition of "disability" provided by the Washington Supreme Court in the 2006 <u>McClarty</u> decision and <u>not</u> the new definition of "disability" in S.B. 5340.

## **Background**

      Randall Varga ("Varga") brought a diversity action against his former employer, the Stanwood-Camano School District ("District"), for failure to accommodate his disability, and exacerbation of his disability by their failure to accommodate in violation of Washington Law Against

ORDER ON - 1

Discrimination ("WLAD"), RCW 49.60. (Compl.¶1.1.)  In addition to this discrimination claim, Varga also states a retaliation claim. (Compl.§ 6.)  The District argues that Varga was not "disabled" within the meaning of the WLAD and therefore not entitled to accommodation. (Def.'s Mot. at 3.)

Varga's lawsuit was filed on February 3, 2006, in federal court based on diversity of citizenship. (Compl.¶1.1.)  On July 6, 2006, the Washington Supreme Court issued a seminal opinion, McClarty v. Totem Electric, 157 Wn.2d 214, 228 (2006), in which it defined the term "disability" for purposes of a state-law discrimination claim and adopted the definition of disability set forth in the federal Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §§ 12101-12209.

On April 22, 2007, the Washington legislature passed new legislation—referred to as S.B. 5340 —that defines "disability" in the WLAD. S.B. 5340, 60th Leg., 2007 Reg. Sess. § 2, ¶ 25 (Wash. 2007).  The bill was signed into law by the Governor of Washington on May 4, 2007.  Washington State Legislature, http://www.leg.wa.gov/legislature/ (last visited July 27, 2007).   The parties agree that the legislature's definition of "disability" in S.B. 5340 and the definition in McClarty are different. (Def.'s Mot. at 1; Plf.'s Resp. at 2.)

The legislature also made S.B. 5340 explicitly retroactive: "This act is remedial and retroactive, and applies to all causes of action occurring before July 6, 2006." S.B. 5340 § 3.  Because Varga's lawsuit was filed on February 3, 2006, Plaintiff argues that S.B. 5340 applies to this case. Defendant concedes that under the plain language of S.B. 5340, this case is governed by the new law.

## Discussion

Defendant claims that retroactive application of S.B. 5340 to this case would violate the Washington separation of powers doctrine because it overrides the Washington Supreme Court decision in McClarty.  Defendant argues that the applicable law is the definition of "disability" in the McClarty decision, and not the definition in SB 5340.  Plaintiff argues that no separation of powers

ORDER ON - 2

issue is presented because the legislature is empowered to amend a statute in response to judicial interpretations. Plaintiff argues that the applicable law is the definition in S.B. 5340.  An analysis of this motion comprises two steps: first, whether the McClarty decision actually contravenes S.B. 5340, and if so, second, whether legislation that contravenes a prior judicial decision is unconstitutional under Washington law.

## I. THE RETROACTIVE LAW CONTRAVENES A PREVIOUS JUDICIAL DECISION

### A. McClarty adopted the federal definition of "disability"

The McClarty Court adopted the definition of disability set forth in the ADA. 157 Wn.2d at 228.  Under McClarty's definition, a plaintiff bringing suit under the WLAD establishes that he has a disability by showing that he has (1) a physical or mental impairment that substantially limits one or more of his major life activities, (2) a record of such impairment, or (3) is regarded as having such impairment. Id.; see also 42 U.S.C. §§ 12101-12209.

However, the McClarty Court did not explain whether temporary disabilities will be considered "disabilities" under this definition.  Whether a temporary disability qualifies as a "disability" is a material issue in the present case because Defendant argues that Varga's disability was temporary. (Def.'s Mot. at 3.)  The parties appear to assume that the McClarty definition precludes temporary disabilities. (Id.; see also Plf.'s Resp.)

Defendant correctly asserts that McClarty places the burden on Plaintiff to show that his impairment "substantially limited" a "major life activity."  Under the plain language of the McClarty definition, Plaintiff must show that he has a "physical or mental impairment that substantially limits one or more of his major life activities."  157 Wn.2d at 228.

ORDER ON - 3

**B.  The Washington Legislature rejected the <u>McClarty</u> definition of "disability"**

The new law explicitly rejects both (1) the <u>McClarty</u> Court's adoption of the federal ADA

definition of "disability," and (2) the burden that the <u>McClarty</u> decision placed on a plaintiff to show

that his impairment "substantially limited" a "major life activity."  Section 1 of S.B. 5340 states:

> The legislature finds that the supreme court, in its opinion in <u>McClarty v. Totem Electric</u>, 157 Wn.2d 214, 137 P.3d 844 (2006), failed to recognize that the Law Against Discrimination affords to state residents protections that are wholly independent of those afforded by the federal Americans with Disabilities Act of 1990, and that the law against discrimination has provided such protections for many years prior to passage of the federal act.

The law also provides that a disability exists "whether or not it limits the ability to work generally or

work at a particular job or whether or not it limits any other activity." <u>Id.</u>  By explicitly rejecting the

ADA definition and the burden placed on the plaintiff to show that his impairment "substantially

limited" a "major life activity," S.B. 5340 overrides the <u>McClarty</u> Court's decision to adopt the ADA

definition.

## II. A RETROACTIVE LAW THAT CONTRAVENES A PRIOR JUDICIAL DECISION IS UNCONSTITUTIONAL UNDER WASHINGTON LAW

**A. The legislature intended S.B. 5340 to be retroactive**

Washington law presumes that statutory amendments apply only prospectively. <u>American</u>

<u>Discount Corp. v. Shepherd</u>, 129 Wn.App. 345, 353 (2005) (citing  <u>In re Pers. Restraint of Stewart</u>,

115 Wn.App. 319, 332 (2003)).  But the presumption is overcome, and a statutory amendment will

apply retroactively, in any of the following three instances: 1) if the legislature intended retroactivity,

2) if the amendment is curative, or 3) if the amendment is remedial. <u>American Discount</u>, 129 Wn.App.

at 353 (citing <u>Barstad v. Stewart Title Guar. Co.</u>, 145 Wn.2d 528, 536-7 (2002)); <u>Stewart</u>, 115

Wn.App. at 332.  The plain language of S.B. 5340 establishes that the Washington legislature intended

retroactivity: "This act is remedial and retroactive, and applies to all causes of action occurring before

July 6, 2006." S.B. 5340 § 3.  The presumption that S.B. 5340 applies only prospectively is overcome

because the legislature intended retroactivity.

### B. Legislative intent for retroactivity notwithstanding, a retroactive law that contravenes a prior judicial decision violates the Washington separation of powers doctrine

Notwithstanding express legislative intent, a statutory amendment will not apply retroactively if

it violates a constitutional prohibition. American Discount, 129 Wn.App. at 355 (citing Stewart, 115

Wn.App. at 337); see also In re F.D. Processing, Inc., 119 Wn.2d 452 (1992) (noting that under

Washington law, the legislature may pass laws with retroactive application only in limited

circumstances). Although not expressly enumerated in Washington's Constitution, the doctrine of

separation of powers derives from the division of government into three branches. Id.; see also State v.

David, 134 Wn.App. 470 (2006).  The legislature violates the separation of powers doctrine when it

passes retroactive legislation that contradicts prior judicial construction of a statute. Stewart, 115

Wn.App. at 335 (holding that retroactive contravention of court violates separation of powers); State

v. Posey, 130 Wn.App. 262, 274 (2005), review granted 158 Wn.2d 1009 (2006) (noting that to allow

the legislature to "overrule" the judiciary would raise separation of powers problems). For example, in

Stewart, the Court of Appeals refused to apply retroactive legislation that overruled a previous

construction of a statute by the courts. 115 Wn.App. at 337.  The court examined amendments to the

Sentencing Reform Act ("SRA") that overruled the court's previous interpretation of that statute. See

Id. at 329-32.  In a decision previous to Stewart, the court of appeals had determined that the

Department of Corrections ("DOC") lacked authority to require an offender to submit a pre-approved

residence and living arrangement before being released. In re Pers. Restraint of Capello, 106 Wn.App.

576, 583 (2001). In response to Capello, the Washington legislature amended the SRA to clarify that

DOC had authority to impose such a condition, and retroactively applied the clarification. Id. at 578.

ORDER ON - 5

The <u>Stewart</u> court held that the SRA amendments did not apply retroactively despite legislative intent, because to do so would violate the separation of powers doctrine by allowing the legislative branch to retroactively overrule a judicial decision. 115 Wn.App. at 322-23.

Plaintiff argues that Washington law allows for the retroactive application of S.B. 5340 relying upon <u>Marine Power & Equipment Co. v. WA State Human Rights Commission Hearing Tribunal</u>, 39 Wn.App. 609, 615 (1985) in which the court held that, although the legislature may not retroactively overrule a prior judicial opinion construing a statute, if the statute <u>amends</u>, rather than <u>clarifies</u> the extant statute, then the new statute applies retroactively. <u>Marine Power</u> held that statutory amendments authorizing damages limited to $1,000 for humiliation and suffering resulting from discrimination applied retroactively, even though the amendments contravened a prior judicial decision. <u>See</u> 39 Wn.App. at 616-20. Plaintiff argues S.B. 5340 is an "amendment," and that under the <u>Marine Power</u> rubric, S.B. 5340 applies retroactively.

However, <u>Marine Power</u> does not support Plaintiff's argument.  In <u>Marine Power</u>, the legislature's response to the prior judicial decision was "... to <u>add a remedy</u>, rather than to <u>clarify prior intent</u> ..." and therefore, the law at issue "amend[ed], rather than clarifi[ed], the original statute." 39 Wn.App. at 616.  Here, S.B. 5340 clarifies that <u>McClarty</u> "failed to recognize that the Law Against Discrimination affords to state residents protections that are wholly independent of those afforded by the federal Americans with Disabilities Act of 1990." S.B. 5340 § 1.  Because S.B. 5340 clarifies the prior intent of the WLAD, explaining that the WLAD was intended to provide broader protections than the federal ADA, <u>Marine Power</u> is distinguishable and does not support Plaintiff's position.

**C. Retroactive amendments are not "remedial" if they contravene prior judicial decisions**

Plaintiff argues that S.B. 5340 applies retroactively because it is a "remedial" amendment. Plaintiff points to a recent decision from the Eastern District of Washington, in which the court relied

on Marine Power in holding that S.B. 5340 retroactively applies to an employee's disability claims.
See Breeden v. Kaiser Aluminum & Chemical Corp., No. CV-05-363-LRS, 2007 WL 1461290, at *2
(E.D. Wash. May 16, 2007).  The Breeden court exclusively relied on Marine Power for the
proposition that if "the amendment changes or amends an existing statute and is remedial as defined by
case law, such legislative action is permissible." Id.  The Breeden court found that S.B. 5340 was
"remedial" and held that the applicable law was the retroactive amendment, and not the McClarty
decision. Id.

        The Breeden court's exclusive reliance on the 1985 Marine Power decision neglects more
recent Washington Supreme Court and Court of Appeals decisions.  These decisions have held that
retroactive amendments are only remedial if they do not contravene prior judicial decisions. See
Tomlinson v. Clarke, 118 Wn.2d 498, 510-511 (1992) ("When an amendment clarifies existing law
and where that amendment does not contravene previous constructions of the law, the amendment
may be deemed curative, remedial and retroactive.")(emphasis added);  see also Barstad v. Stewart
Title Guaranty Co., Inc., 145 Wn.2d 528, 537 (2002) ("An amendment is curative and remedial if it
clarifies or technically corrects an ambiguous statute without changing prior case law constructions of
the statute.")(emphasis added); Stewart, 115 Wn.App. at 336-37.  The Breeden court held that S.B.
5340 is "remedial," but did not consider whether the amendment contravenes McClarty. This Court is
not bound by Breeden and does not find it persuasive.

//

//

//

//

//

ORDER ON - 7

1

2

### Conclusion

3

  Retroactive legislation that contravenes a prior judicial decision violates the separation of

4

powers doctrine.  Because S.B. 5340 contravenes <u>McClarty</u>, it violates the Washington separation of

5

powers doctrine, and applies only prospectively.  The applicable law in this case is the definition of

6

"disability" provided by the Washington Supreme Court in the 2006 <u>McClarty</u> decision and <u>not</u> the

7

definition in S.B. 5340.

8

  The clerk is directed to provide copies of this order to all counsel of record.

9

  Dated: July 27, 2007.

10

11

12
          <u>/s Marsha J. Pechman      </u>

13
          Marsha J. Pechman
          United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER ON - 8**