UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RANDALL VARGA, PhD.

Plaintiff,

v.

STANWOOD-CAMANO SCHOOL DISTRICT,

Defendant.

No. C06-0178MJP

ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 61.) Plaintiff requests reconsideration of the Court's Order of July 27, 2007, which concluded that, because retroactive application of the recently passed Senate Bill 5340 would violate the separation of powers doctrine, the applicable law in this case is the definition of "disability" provided by the Washington Supreme Court in McClarty v. Totem Electric, 157 Wn.2d 214 (2006), and not the definition in Senate Bill 5340. (Dkt. No. 58.) Plaintiff requests reconsideration for two reasons: (1) the Court failed to certify the constitutional challenge to the state statute to the state Attorney General as required under Fed. R. Civ. P. 5.1(b); and (2) the Court failed to take into account that the McClarty decision itself violated the separation of powers doctrine.

Motions for reconsideration are disfavored. Under Local Civil Rule 7(h), the Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff has failed to make such a showing regarding his second point: he has not shown that the Court manifestly erred in its retroactivity analysis, nor has he raised new facts or legal authority which could not have been previously brought with reasonable diligence.

ORDER - 1

The Court will not reconsider its decision that retroactive application of S.B. 5340 would violate the separation of powers doctrine.

But the Court will allow for additional briefing on the issue of whether the Court erred by not certifying to the state Attorney General a notice of the constitutional challenge.  Under Local Civil Rule 7(h)(3), a motion for reconsideration cannot be granted unless the opposing party is given a chance to respond.  The Court requests that Defendant respond to Plaintiff's motion for reconsideration.  The response is due no later than **August 28, 2007**, and may not exceed six (6) pages in length.  The motion for reconsideration will be re-noted on the Court's motions calendar for consideration on August 28, 2007.

The Court will also refrain from ruling on the pending motion for summary judgment until it has ruled on the motion for reconsideration.  If the parties wish, they may request a continuance of the upcoming trial-related deadlines.

The clerk is directed to send copies of this order to all parties.

Dated this 13th day of August, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 2